UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIA JESUS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 14-cv-03820-JSC<br><br>**ORDER RE: PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 28 |

In this Social Security appeal, Plaintiff's counsel Steven Rosales moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 28.) Defendant Nancy A. Berryhill, the Commissioner of the Social Security Administration ("SSA"), has filed a response taking no position on Plaintiff's motion. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion for fees.

**BACKGROUND**

This case stems from Plaintiff's appeal of the SSA's denial of social security disability benefits for a combination of impairments including: spinal injury, thyroid condition, fibroid tumor, adenomysis, and complications following uterine surgery. On August 20, 2015, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross motion for summary judgment, and remanded for further proceedings consistent with the Court's order which concluded that the Administrative Law Judge ("ALJ") failed to identify sufficiently specific, clear and convincing reasons for discounting Plaintiff's pain testimony. (Dkt. No. 23.) On December 1, 2015, pursuant to the parties' stipulation, the Court awarded $3,300 in fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 27.)

On remand, the ALJ determined that Plaintiff was, and continues to be, disabled as of August 23, 2012. (Dkt. No. 28-2 at 12.[1]) As a result, the SSA awarded Plaintiff past-due benefits, in the amount of $57,578.00, as well as ongoing benefits. (Dkt. No. 28-3 at 1-3.) Plaintiff's counsel subsequently filed the underlying motion for fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 28.) Pursuant to Plaintiff and her counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 28-1.) Counsel accordingly requests fees in the amount of $14,394; this total represents 25% of Plaintiff's past-due benefits, or $11,094, less the $3,300 already awarded to counsel under the EAJA. (Dkt. No. 28 at 3.) Plaintiff's counsel served Plaintiff with a copy of the motion for attorney's fees and supporting papers, but Plaintiff has not filed a response or raised any objections to the fee request. (Dkt. No. 28 at 2.) The Commissioner filed a response taking no position on the fees request. (Dkt. No. 29.)

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc); *Wells v. Colvin*, No. 12-CV-05287-JST, 2015 WL 4072847, at *1 (N.D. Cal. July 2, 2015).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**ANALYSIS**

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b) as the agreement provides that counsel will not ask for a fee of more than 25 percent of total past-due benefits awarded. (Dkt. No. 28-1.) Second, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work including additional work before the agency on remand and achieved favorable results for Plaintiff. Nor is the amount of fees, $14,394, excessive in relation to the past-due benefits award of $57,578.00. *See, e.g.*, *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee

3

agreement prior to the filing of this action. (Dkt. No. 28-1.) At that time, the Agency had completely denied Plaintiff any requested benefits, and counsel could not know that the Court would remand to the Commissioner for a further hearing.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $14,394, payable to the Law Offices of Lawrence D. Rohlfing.[2]  Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $3,300.00, to Plaintiff.

**IT IS SO ORDERED.**

Dated: November 20, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The Commissioner's response to the motion for attorney's fees has an entire section regarding counsel's obligation to seek these fees from Plaintiff directly if the Commissioner has not withheld 25 percent of the past-due award. (Dkt. No. 29 at 3-4.)  This section appears to be a boilerplate section as it fails to provide any information specific to this case that would suggest that the Commissioner withheld less than 25 percent *here*.  Absent a showing that the Commissioner withheld less than the standard 25 percent from Plaintiff's past-due award, the Court will not modify the standard order directing the Commissioner to certify payment of the $14,394 fee to Plaintiff's counsel.

4